Case 4:24-cv-03964   Document 158   Filed on 12/01/25 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
December 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Merchants Bank of Indiana, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-24-3964 |
| | § | |
| Cypresswood TX Realty, LLC, | § | |
| et al., | § | |
|     *Defendants.* | § | |

**ORDER ON CYPRESSWOOD'S
MOTION TO TRANSFER VENUE**

Pending before the court is Defendant Cypresswood TX Realty, LLC's (Cypresswood) Motion to Transfer Venue of Case Pursuant to 28 U.S.C. Section 1412 or 1404(a). ECF No. 148. The court has considered the motion and supplemental authority, responses, reply, and applicable law. For the reasons stated below, Cypresswood's Motion to Transfer Venue, ECF No. 148, is **DENIED**.[1]

### *1. Background*

This dispute involves eight parties—with citizenship, for diversity jurisdiction purposes, in six different states—that, amongst themselves, have executed more than twenty contracts and business agreements pertaining to the Fallbrook Rehabilitation and Care Center (the Facility). Most of the background facts, as presented here, are from Plaintiff Merchants Bank of Indiana's (Merchants) Amended Complaint. ECF No. 68.

---

[1] A magistrate judge may order or deny transfer of a case to another district as a non-dispositive matter under 28 U.S.C. § 636(b)(1)(A). *Mulvey v. Vertafore, Inc.*, No. 21-cv-213, 2021 WL 3089386, at *1 (N.D. Tex. Jul. 22, 2021).

### A. *The Facility, the Parties, and their Business Relationships*

The Facility is a 202-bed licensed skilled nursing facility, located at 10851 Crescent Moon Drive, Houston, Harris County, Texas 77064 (the Property). ECF No. 68 ¶ 1. The Property is owned by Cypresswood. *Id.* ¶ 25.

On May 4, 2021, Cypresswood obtained a loan in the amount of $25,000,000 from Merchants with the Property serving as collateral. *Id.* ¶ 27. Cypresswood and Merchants executed a Promissory Note (ECF No. 68-4) and Loan Agreement (ECF No. 68-3). *Id.* ¶¶ 32–34. One of Cypresswood's members, Samuel Goldner, agreed to serve as personal guarantor of the loan. *Id.* ¶ 2. Merchants perfected its security interest in the Property by recording a Deed of Trust (ECF No. 68-5) and various other loan documents (the Loan Documents) with Harris County and State of Texas officials. *Id.* ¶¶ 32–35.

On July 7, 2023, Cypresswood and Crescent Moon Dr. Healthcare, LLC (Crescent) executed an Operating Lease (Lease), which placed Crescent in charge of operating the Facility. ECF No. 68 ¶ 36. One month after the Lease was executed, Merchants, Cypresswood, Crescent, and eCapital Healthcare Corp. (eCap) entered into a Lease Payment Agreement, which, in part, required Crescent to make certain payments directly to Merchants, instead of paying through Cypresswood as an intermediary. *Id.* ¶ 38. On the same date, Crescent granted Merchants a security interest in certain collateral related to the Property and operations of the Facility. *Id.* ¶ 40.

Cresent subleased the Facility to Frio Hospital District (Frio), a public entity of the State of Texas, on February 1, 2024. ECF No. 68 ¶ 43. Under that agreement, Frio became the operator of the Facility. *Id.* Frio also executed a separate security agreement with Merchants, which granted Merchants a security

2

interest in certain collateral related to the Property and operations of the Facility. *Id.* ¶¶ 44–46.

### B. *Cypresswood's Default on the Loan and the Receivership Action*

On January 26, 2024, Merchants initiated a lawsuit against Cypresswood in the Southern District of Indiana for breach of the Loan Agreement. ECF No. 153 ¶ 1. According to Merchants, Cypresswood and Goldner defaulted on the Loan Agreement because they failed to pay amounts when due and failed to pay the entire sum of indebtedness on December 10, 2023—the maturity date of the Promissory Note. ECF No. 68 ¶ 28.

On September 4, 2024, Crescent gave Cypresswood and Merchants written notice of lease termination and expressed its desire to cease management of the Facility and vacate the Property. ECF No. 68 ¶¶ 57–58. Crescent reported that it was not economically feasible to operate the Facility under the terms of the lease because the operational cost and expense shortfalls exceeded revenues. *Id.* ¶ 59.

Merchants alleges that it realized that "[a]bsent funding (protective advances)," which Merchants was willing to cover, "the Facility [was] in imminent danger of closing." ECF No. 68 ¶ 61. To cover the Facility's financial shortfalls, Merchants filed this receivership action in the Southern District of Texas on October 16, 2024. *Id.* ¶ 2. Merchants sought "to have a receiver appointed to operate the [F]acility and ensure the health and safety of its residents." *Id.* The court appointed a receiver, Michael Flanagan (the Receiver), on October 24, 2024. ECF No. 21.

On December 19, 2024, Cypresswood moved to dismiss the instant case or, alternatively, to have it transferred to the Southern District of Indiana. ECF No. 33. Ten days later, Cypresswood filed a motion in the Southern District of Indiana seeking the opposite—to transfer the Indiana action to the

Southern District of Texas and consolidate the two actions. ECF No. 153-2. Ultimately, Cypresswood and Merchants agreed to litigate the entire dispute in the Southern District of Texas. ECF No. 153 ¶ 5. Merchants dismissed its case in Indiana, and Cypresswood withdrew its motion to dismiss or transfer the instant case. *Id.* ¶ 6; *see also* ECF No. 66.

On February 11, 2025, Merchants filed an Amended Complaint in the instant case. ECF No. 68. The Amended Complaint included a request for the receivership to remain in place. *Id.* Like Merchants' Original Complaint, the Amended Complaint names Cypresswood, Crescent, eCap, and Frio as parties to the receivership action. *Id.* Additionally, the Amended Complaint added new requests for monetary relief against Cypresswood, for breach of the Promissory Note, and Goldner, for breach of the loan guaranty, as well as declaratory judgment to allow Merchants to foreclose on the Deed of Trust and sell the Property. *Id.* ¶ 1. Crescent also filed crossclaims against Cypresswood; Cypresswood TX Healthcare, LLC; and Samuel Goldner for declaratory judgment, breach of contract, and unjust enrichment. *Id.*

On March 4, 2025, Cypresswood and Goldner filed their Answer and Amended Counterclaims, Crossclaims, and a Third-Party Complaint. ECF No. 76. Cypresswood and Goldner assert claims against Merchants, for breach of fiduciary duty and conspiracy, against Crescent and Vertical, for breach of contract, and against Crescent, Vertical, and William Miller (Cresent and Vertical's owner and member), for tortious interference and civil conspiracy. *Id.* In that filing, Cypresswood relies on the Lease's forum-selection clause to establish that the Southern District of Texas is a "proper venue to litigate" its claims. *Id.* at 16 (citing ECF No. 68-9 at 58).

4

### C. *Cypresswood Declares Bankruptcy*

Cypresswood initiated Chapter 11 bankruptcy in the Bankruptcy Court for the Eastern District of New York (Bankruptcy Court) on July 23, 2025. ECF No. 148 ¶ 1. Accordingly, on July 28, 2025, the court administratively closed the instant case, pending the outcome of Cypresswood's bankruptcy. ECF No. 143. The parties petitioned the court to lift the stay to allow the Receiver and the receivership to continue the operations, financing, and management of the Facility pursuant to the Receivership Order. ECF No. 145. The court granted the parties' motion and lifted the stay as to the receivership action. ECF No. 146. All other claims in the case remain stayed. *Id.*

Cypresswood's bankruptcy is in the initial stages. The Bankruptcy Court has not yet held an Initial Case Management Conference. *See* Docket, *In re Cypresswood TX Realty, LLC*, No. 8-25-72833-ast (Bankr. E.D.N.Y. 2025).

Merchants filed a proof of claim in the bankruptcy proceeding. ECF No. 153-4 ¶ 39. On October 14, 2025, Merchants filed a Motion to Dismiss the bankruptcy action, which Vertical joined in support. ECF No. 153-4; *In re Cypresswood*, No. 8-25-72833-ast (Bankr. E.D.N.Y. Nov. 12, 2025) (ECF No. 45). In the Motion to Dismiss, Merchants and Vertical argue Cypresswood filed its bankruptcy petition in bad faith, given that it has no income, no chance of successful rehabilitation through the bankruptcy process, and no viable path to a confirmable plan. ECF No. 153-4; *In re Cypresswood*, No. 8-25-72833-ast (Bankr. E.D.N.Y. Nov. 12, 2025) (ECF No. 45). As of the date of this Order, Merchants' Motion to Dismiss remains pending, and the Bankruptcy Court is expected to hear the matter on December 10, 2025. *In re Cypresswood*, No. 8-25-72833-ast (Bankr. E.D.N.Y. Nov. 18, 2025) (Letter of Adjournment, ECF No. 49).

### D. The Instant Motion

On October 21, 2025, Cypresswood filed the instant motion seeking transfer of the case to the Eastern District of New York for referral to the Bankruptcy Court. ECF No. 148 ¶ 7. Cypresswood argues that the Eastern District of New York is "far more appropriate and convenient" because its bankruptcy proceedings "are pending in the Bankruptcy Court in that District." *Id.* ¶ 5.

Eight days after it filed the instant motion, Cypresswood asked the court to shorten the parties' deadline to respond to its motion. ECF No. 149. The court denied Cypresswood's request but promised expedited consideration of the motion. ECF No. 150.

Merchants, Crescent, Vertical, Miller, and the Receiver oppose Cypresswood's motion. ECF Nos. 153, 154, 155. Three parties—Frio, eCap, and Goldner—did not respond and are considered unopposed. *See* S.D. Tex. L.R. 7.4 (stating that failure to respond to a motion is "taken as a representation of no opposition.").

### 2. Legal Standard and Analysis

"[D]istrict courts have broad discretion in deciding motions to transfer . . . ." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 632 (5th Cir. 2022) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)). The transferee venue must be "clearly more convenient than the venue chosen by the plaintiff." *In re Clarke*, 94 F.4th 502, 515 (5th Cir. 2024). The moving party must "clearly establish good cause for transfer based on convenience and justice." *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). "This 'good cause' burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

### A. The Transfer Statutes

Cypresswood moves to transfer under 28 U.S.C. §§ 1412 and 1404(a). ECF No. 148 at 1.

Section 1404(a) applies "to the transfer of civil actions in general," while section 1412 "more specifically govern[s] the transfer of actions that are 'related to' a bankruptcy proceeding." *Campbell v. Williams*, No. 14-97, 2015 WL 3657627, at *2 (S.D. Tex. June 12, 2015) (citations omitted).

Section 1412 provides, "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. One way that a case may fall "under title 11" is if it is "related to" the bankruptcy proceeding in the transferee district. *Campbell*, 2015 WL 3657627, at *2. "[A] case is related to a bankruptcy proceeding if it could 'conceivably have any effect on the estate being administered in bankruptcy.'" *Id.* (citing *Creekridge Cap., LLC v. La. Hosp. Ctr., LLC*, 410 B.R. 623, 627 (D. Minn. 2009). The parties do not dispute the fact that this proceeding could conceivably have an effect on Cypresswood's estate. Cypresswood is the owner of the building and land upon which the Facility sits, and Merchants has filed a proof of claim in Cypresswood's bankruptcy. This case is "related to" Cypresswood's bankruptcy in the Eastern District of New York. Accordingly, section 1412 applies to this case.

The general transfer provision, 28 U.S.C. § 1404, provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Under section 1404(a), the preliminary question is whether the civil action at issue "might have been brought" in the movant's proposed destination venue. *Volkswagen*, 545 F.3d at 312. This preliminary

7

"requirement remains a barrier to transfer . . . if at the time suit was originally brought[,] the transferee district would have lacked jurisdiction over the defendant or if venue there would have been improper." *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960)).

While Cypresswood acknowledges that this is the preliminary question that must be addressed under the statute, it does not address whether Merchants could have filed this case in the proposed transferee court. It is not clear to the court that, at the time this lawsuit was filed, the Eastern District of New York would have been able to exercise personal jurisdiction over all of the named defendants. Nor it is clear to the court that, at the time this lawsuit was filed, the Eastern District of New York would have been an appropriate venue for the action under the general venue statute, 28 U.S.C. § 1391(b)(1), or bankruptcy venue statute, 28 U.S.C. § 1409(a). Accordingly, because Cypresswood has failed to even address this threshold inquiry, the court will not consider transfer under Section 1404(a).

However, it makes little difference to the court's analysis to apply one transfer provision over the other. *In re Zachry Holdings, Inc.*, No. 24-90377, 2025 WL 3056951, at *2 (Bankr. S.D. Tex. Oct. 31, 2025) ("[C]hoosing one transfer provision over the other generally has no effect on the ultimate transfer determination."). "Both statutes consider 'in the interest of justice' and 'the convenience of the parties.'" *Id.* As a result of the similarities, "[c]ourts apply essentially the same factors in analyzing transfers under" the two sections. *Campbell*, 2015 WL 3657627, at *2. The analysis for both statutes includes consideration of private-interest (or "convenience") factors and public-interest (or "in the interest of justice") factors. *See Def. Distributed*, 30 F.4th at 433;

*Zachry*, 2025 WL 3056951, at *2 (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. W. Dist. Tex.*, 571 U.S. 49, 63 (2013)).

### B. Private-Interest Factors

Generally, the private-interest factors under Section 1412 include (1) the location of the plaintiff and defendant, (2) the ease of access to necessary proof, (3) the convenience of the witnesses, (4) the availability of subpoena power over unwilling witnesses, and (5) the expense related to obtaining witnesses. *Cambell*, 2015 WL 3657627, at *4; *see also Def. Distributed*, 30 F.4th at 433–34 (identifying the similar private-interest factors considered under Section 1404(a)).

Analysis of the private-interest factors changes significantly when the parties' contract contains a forum-selection clause. *Zachry*, 2025 WL 3056951, at *2 (citing *Atl. Marine*, 571 U.S. at 63). Under a valid forum-selection clause, the parties "waive[] their right to challenge the designated forum as inconvenient or less convenient for them or their witnesses." *Id.* (citations omitted). Accordingly, "[t]he court does not consider arguments about the parties' private interests and must find that the private interests weigh entirely in favor of the parties' preselected forum." *Id.*

The Loan Agreement and Deed of Trust contain nearly identical forum-selection clauses, which establish the courts of Hamilton County, Indiana and Texas as appropriate venues for legal actions arising out of the parties' dealings. ECF Nos. 68-3 at 69, 68-5 at 26. Additionally, under these clauses Cypresswood agreed to waive any challenges to the inconvenience posed by litigation in these venues. *Id.* Cypresswood and Crescent's Lease also contains a forum-selection clause, which states that Cypresswood may choose to bring suit relating to the Lease in "any federal or state court located in the State of Texas." ECF No. 68-9 at 58. Cypresswood later relied on this very clause to plead that

the Southern District of Texas is a "proper venue to litigate" its claims. ECF No. 76 at 16.

The court agrees with Cypresswood's argument that the language of the foregoing forum-selection clauses is permissive and does not mandate venue in this District or Division. *See* ECF No. 156 at 3 (citing *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 786 (5th Cir. 2016)). But Cypresswood ignores the fact that the clauses also contain an explicit waiver of Cypresswood's right to challenge this District and Division as "inconvenient."

Merchants initiated the instant suit in the Southern District of Texas. Because the parties waived their right to challenge the Houston Division of the Southern District of Texas as inconvenient, the court finds that the private-interest factors weigh entirely against transfer.

Even if the forum-selection clauses were invalid or entirely excluded from the agreements, Cypresswood failed to establish that the private-interest factors favor transfer to the Eastern District of New York. In its initial motion, Cypresswood merely states that "venue is far more appropriate and convenient in the Eastern District of New York because Cypresswood['s] Bankruptcy Proceedings are pending in the Bankruptcy Court in that District. Transfer of venue to [that District] is therefore in the interest of justice and for the convenience of the parties." ECF No. 148 ¶¶ 5–6. In its Reply, Cypresswood provides a bit more detail, arguing that transfer is convenient for Cypresswood and Merchants because (1) "Merchants is already litigating in the Bankruptcy Proceedings[;]" (2) "Cypresswood's members are located in the Eastern District of New York[;]" and (3) "most evidence is digital . . . ." ECF No. 156 at 5.

Cypresswood's arguments are not persuasive. Merchants' choice to file a Proof of Claim in the bankruptcy proceeding does not weigh in favor of transfer when it simultaneously expresses its

opposition to transfer and is seeking dismissal of the bankruptcy proceeding in its entirely. Additionally, the fact that "most evidence is digital" simply means that the evidence is likely to be equally accessible in either District. That makes the accessibility of evidence, at best, a neutral consideration in the court's analysis. Moreover, transfer of the case to New York does nothing more than shift the inconvenience of the litigation from Cypresswood to the other parties, which usually suggests that transfer should be denied. *See In re Harnischfeger Indus., Inc.*, 246 B.R. 421, 437 (Bankr. N.D. Ala. 2000).

In its Notice of Supplemental Authority, Cypresswood argues that the court should follow the "similarly situated civil action" in *Omega Healthcare Investors, Inc. v. Apex Construction Management, LLC*, No. 25-7356, 2025 WL 3034057 (N.D. Ill. Oct. 30, 2025). ECF No. 151 at 1. Cypresswood argues that the court in *Omega* "granted a motion to transfer similar to" the instant motion. *Id.* The dispute in *Omega* involved eleven long-term care facilities owned by Omega Healthcare Investors, Inc. (OHI) and leased to third-party operators. 2025 WL 3034057, at *1. As in the instant case, Defendant Goldner was a named defendant. *Id.* Two entities controlled by Goldner—Goldner Capital Management, LLC (GCM) and SRZ Master Tenant, LLC (SRZ)—were held to be necessary parties and added as defendants. *Id.* After it removed the action, OHI requested transfer to the Eastern District of New York, where GCM and SRZ filed bankruptcy petitions. *Id.* at *2. The District Court for the Northern District of Illinois determined that the private-interest factors favored transfer. Among other things, the court found that the only party resisting the transfer had conceded in court filings that there would be no inconvenience related to litigating in the transferee court. *Id.* at *4. The court also gave no deference to the plaintiff's choice of forum because the plaintiff was the party seeking transfer. *Id.* Finally, all defendants

were New York residents. *Id.* at *4. This case is very different from *Omega*. Here, transfer is hotly contested. Cypresswood agreed by contract to waive any objection to venue in Texas and Merchants is seeking to hold Cypresswood to that waiver. Cypresswood is the only party in this action with ties to New York. The cases are not comparable.

Cypresswood has not met its burden of showing that the Eastern District of New York is clearly more convenient than the Southern District of Texas.

### C. *Public-Interest Factors*

The public-interest factors that are relevant to the venue-transfer analysis include: (1) the economics of estate administration; (2) the "home-court" presumption; (3) judicial efficiency; (4) the ability of the parties to receive a fair trial; (5) the state's interest in having local controversies decided within its borders, by those familiar with its laws; (6) the enforceability of any judgment rendered; and (7) the plaintiff's original choice of forum. *Cambell*, 2015 WL 3657627, at *4; *see also Def. Distributed*, 30 F.4th at 435 (explaining the similar public-interest factors considered under Section 1404(a)).

Cypresswood argues that the Bankruptcy Court is "better suited to address the issues presented in this action and their effect on the reorganization." ECF No. 148 ¶ 12. It argues that transfer would promote the economics and efficiency of estate administration because it would allow "all litigation and claims" related to Cypresswood's estate to "be decided in a single forum." *Id.* ¶¶ 15, 18. Cypresswood also argues that "ensur[ing] the efficient administration of the estate" is "an interest that supersedes any contractual venue preference." ECF No. 156 at 4.

Under the facts of this case, the court disagrees. Cypresswood ignores a critical point made by Merchants and the

Receiver. Transfer of this case may actually interrupt the receivership and result in delay and confusion if the bankruptcy proceeding is dismissed. Cypresswood presents no evidence that the bankruptcy action cannot proceed while this case remains largely stayed.

Cypresswood also argues that the "home-court" presumption applies and weighs in favor of transfer. ECF Nos. 148 ¶ 12; 156 at 4. The "home-court" presumption is "a strong presumption that proceedings 'related to' a bankruptcy should be litigated in the judicial district where the bankruptcy itself is pending." *Orthodontic Cents. of Tex., Inc. v. Corwin*, No. 6-2595, 2007 WL 173220, at *1 (S.D. Tex. Jan. 18, 2007). The home-court presumption is not binding on the court, however, and is just one factor to be considered, albeit a strong factor, especially when the movant is the bankruptcy filer. *Hanrischfeger*, 246 B.R. at 436 n.42 (disagreeing with cases holding that courts lack discretion when considering whether to transfer a case to the home court).

In most of the reported cases that the court has considered, including *Orthodontic Centers*, as well as in the cases it cites, courts follow the home-court presumption when the bankruptcy proceeding was initiated before the federal-court action for which transfer was sought. *See, e.g., Orthodontic Cents.*, 2007 WL 173220, at *1; *Zhang v. Rothrock*, No. 5-3461, 2006 WL 213951, at *1 (S.D. Tex. Jan. 25, 2006) (citing *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1193, 1212 (3rd Cir. 1991)) ("[F]or a civil proceeding that is related to a . . . bankruptcy case and that is filed after the bankruptcy case, the proper venue for the civil proceeding is the district in which the [bankruptcy] case is pending."); *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, No. 3-4973, 2004 WL 2278770, at *3 (S.D. Tex. Sept. 14, 2004).

The situation changes somewhat when the case to be transferred was filed before bankruptcy and has been ongoing for

some time. *See, e.g., Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 388–90 (Bankr. E.D. Ark. 2003) (refusing to transfer the case to the home court when the case sought to be transferred had been ongoing for two years before the bankruptcy was initiated); *In re Northfield Laboratories Inc.*, 467 B.R. 582, 590 (Bankr. D. Del. 2010) (transferring claims out of the home court when litigation related to those claims was already ongoing in the transferee court). In such a case, depending on the unique facts of each case, transfer of an ongoing case to the home court may not make sense. The court concludes that to be the case here, under the unique facts presented.

This case involves many entities from many states. There are counterclaims, cross-claims, and many pending issues that appear to the court to be well beyond the scope of the issues to be decided by the Bankruptcy Court. The Facility and the Property are in Texas, and the receivership has been established by this court and has been in place for many months. The Facility houses hundreds of people requiring assisted living. The whole point of the receivership was to ensure uninterrupted operation of the facility. The parties jointly moved the court to reinstate the case so that the receivership could continue. ECF No. 145. There is currently a motion to dismiss pending in the Bankruptcy Court, and it is not clear to the court what will take place if the Bankruptcy Case is dismissed after this case is transferred. The court is concerned that there will be significant unintended consequences that may result from transferring this ongoing, complex case. The home-court presumption, while applicable, is overcome by the foregoing unique facts of this case.

Except for the receivership process, the instant case is stayed while Cypresswood's bankruptcy is pending. Cypresswood has failed to demonstrate that there is a real risk of an inconsistent judgment that would affect Cypresswood's assets. Nor has

Cypresswood shown that the Bankruptcy Court would be prevented from properly administering Cypresswood's estate. Additionally, none of the parties argue that trial of this case in this District would be unfair.

Texas has a compelling interest in the resolution of this matter. This case is centered around a Texas-based Facility that houses Texas citizens, and it involves a defendant, Frio, that is a public entity of the State of Texas. Texas's interest in the matter weighs strongly against transfer.

Finally, while the Southern District of Texas was not Merchants' original choice of forum, the fact that Cypresswood and Merchants agreed to litigate this action in the Southern District of Texas—instead of continuing to litigate in the Southern District of Indiana—weighs strongly against transfer. The court again notes that Cypresswood has itself argued that venue here is appropriate.

On balance, the public-interest factors weigh against transfer to the Eastern District of New York.

### *3. Conclusion*

For the reasons stated, the private- and public-interest factors weigh strongly against transfer. It would not be "in the interest of justice" nor "for the convenience of the parties" to transfer the case to the Eastern District of New York under 28 U.S.C. § 1412.

Accordingly, Cypresswood's Motion to Transfer Venue, ECF No. 148, is **DENIED**.

Signed at Houston, Texas on December 1, 2025.

*[signature: Peter Bray]*

Peter Bray
United States Magistrate Judge